OPINION OF THE COURT
M. Holt Meyer, J.
Having heard the testimony and having reviewed the evidence introduced by the parties, the court finds that the respondent mother has neglected the children, Jessica F. and Keith R., within the meaning of article 10 of the Family Court Act.
The Commissioner alleges that respondent’s emotional and/ or mental condition has led to the emotional neglect of her child, Jessica, by repeatedly filing reports of sexual abuse by *695 her father, Frank G., all of which reports have been unfounded. Additionally, the agency alleges that Jessica has been subjected to numerous intensive gynecological examinations and programmed to state that "Frank” touched her in "bad” ways to the detriment of her emotional condition or health. As to Keith R., the agency alleges that he is in danger of being neglected as a result of the neglect of Jessica.
The governing statute in this case is section 1012 (f) of the Family Court Act which provides, in pertinent part:
"(f) 'Neglected child’ means a child less than eighteen years of age
"(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally
responsible for his care to exercise a minimum degree of care * * *
"(B) in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment * * * or by any other acts of a similarly serious nature requiring the aid of the court”.
The evidence adduced at the hearing established that respondent was responsible for filing 12 reports over a three-year period with the Child Welfare Administration alleging sexual abuse of Jessica by her father, Frank G. All of these reports were unfounded. The court finds that, although respondent did not personally file these reports, she had deliberately instigated false charges by using as her agents those persons who would come under a duty to report allegations of child abuse and neglect, including the physicians and nurses to whom she repeatedly brought Jessica.
Jessica was subjected to several physical exams, including gynecological exams as a result of her mother’s allegations. The medical reports from HIP and St. Vincent’s Hospital show no findings of sex abuse but allude to bouts of diaper rash and urinary tract infections. Jessica was subjected to at least two exams at St. Vincent’s Hospital and numerous exams at HIP, all due to respondent’s insistence that Jessica was being sexually abused by Frank G. Respondent also filed complaints with the police and District Attorney’s office reporting these same allegations. These allegations were found to be baseless by these two agencies and, furthermore, respondent was arrested for filing false reports. The testimony of *696 Elisa Barry, M.S.W., C.S.W., who was requested by the Child Welfare Administration to validate the respondent’s allegations, found no evidence to support these allegations. Similarly, Dr. Richard Hill, of the Family Court Clinic, found that respondent’s actions and beliefs "approach a delusion”. The absence of a diagnosed condition regarding the respondent does not preclude a neglect finding where it is likely that the child’s mental or emotional condition will be impaired. (Matter of Danielle M., 151 AD2d 240.)
At issue in this matter is whether there is a "substantial risk” that Jessica’s "mental or emotional condition has been impaired or is in imminent danger of becoming impaired” (Family Ct Act § 1012 [¶] [i]) due to the actions of respondent. Dr. Hill testified that the mother’s baseless actions would have adverse implications in Jessica’s later life. He stated that it would be very hard to have good or trusting feelings with regard to the opposite sex in Jessica’s future and that it would also have an effect on the child’s basic trust, whether or not people can be believed and whether they can be trusted. He further stated that one has to trust to form loving relationships. Additionally, he was of the opinion that respondent was destroying Jessica’s relationship with her father, Frank G., a relationship that Dr. Hill noted was in the child’s best interest to maintain.
Therefore, the court finds that the child, Jessica, is neglected within the meaning of article 10 of the Family Court Act in that respondent’s actions create a substantial risk that Jessica’s mental and emotional condition is in imminent danger of becoming impaired.
The court further finds that as a result of the neglect of Jessica, her brother Keith is in danger of being neglected.
Adjourned to September 16,1991 for dispositional hearing.